UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISIONS

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV08-05720 DSF (MANx) |
| Plaintiff, | **STIPULATED ORDER GOVERNING USE OF PROTECTED INFORMATION AND NON-WAIVER OF PRIVILEGE** |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

Based on the parties' Stipulation For Entry of Stipulated Order Governing Use Of Protected Information And Non-Waiver Of Privilege ("Stipulated Protective Order"), filed on June 22, 2010, the terms of the Stipulated Protective Order are adopted as an order of this Court, except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraph 13 of the proposed Stipulated Protective Order.

The parties are expressly cautioned that the designation of any information, document, or thing as Protected Information does

not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Stipulated Protective Order or to the parties' designation of any information, document, or thing as Protected Information is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Protected Information does not – without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectible - constitute good cause. Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each type of information, document, or thing sought to be filed under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent

evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**I.   PURPOSE OF ORDER GOVERNING THE USE OF PROTECTED INFORMATION**

1.   The discovery to be conducted in this case has required the parties, plaintiff United States of America (the "United States") and defendant The Boeing Company ("Boeing"), to disclose Protected Information (as defined herein). The United States and Boeing are referred to collectively herein as the "Parties" and individually as a "Party."

2.   This Stipulated Order governs the use of Protected Information during all discovery and pre-trial proceedings in this case.

3.   The terms "Document" and "Documents" as used herein shall have the broadest possible meaning pursuant to Federal Rule of Civil Procedure 34(a), including electronically stored information. The term "Document" shall include, without limitation, written or printed matter of any kind, including originals, conforming copies, and non-conforming copies (_e.g._, a copy of an original with an added notation). The terms "Document" and "Documents" shall also

include, without limitation, correspondence, letters, reports, summaries, spreadsheets, invoices, memoranda, notes, messages, communications, telexes, cables, telecopies, telegrams, facsimiles, e-mails, microfilm, compact disks (CDs), digital versatile disks (DVDs), photographs, charts, graphs, maps, drawings, prints, and films and all manner of electronic data processing storage.

**II.   DESIGNATION OF PROTECTED INFORMATION**

4.   Whenever counsel for either Party believes that Documents that have been produced in this action by a Party or a non-party, formally or informally, deposition transcripts, responses to interrogatories, or responses to requests for admission (hereinafter, collectively, "Materials") contain or may contain (1) trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and/or (2) "Technical data," as defined in 22 C.F.R. § 120.10 (hereinafter, collectively, "Protected Information"), he or she may designate such Material as containing Protected Information by affixing on the Material the legend "Protected Information".  The designation shall be affixed to each and every page of the Material.  For Material produced in a non-paper medium (e.g., videotape, audio tape, computer disks, etc.) where the Documents stored on the medium have not been marked with the legend, the legend shall be affixed to the outside of the medium or its container.

5.   If a Party producing Documents elects to produce them for inspection rather than producing copies, the designation of Protected Information need not be made in advance of the initial inspection by the Party to which the Documents are being produced;

the designation instead may be made at or prior to the time that the Documents designated for copying are produced.

6. All Materials labeled as Protected Information prior to or after the entry of this Stipulated Order shall be considered as designated under and subject to the terms of this Stipulated Order.

7. All persons receiving copies of Materials designated as Protected Information shall maintain such Protected Information in his or her possession in a manner sufficient to protect such Materials against unauthorized disclosure. The Parties shall advise all witnesses, consultants and experts who are provided with Material designated as Protected Information after the date of this Stipulated Order of the existence of the Stipulated Order and the provisions of this Paragraph and Paragraph 11.

8. Nothing herein shall be construed to preclude either Party from asserting the attorney-client privilege, the work product doctrine, the deliberative process privilege, the law enforcement investigatory privilege, or any other applicable privilege or protection, or from declining to produce Materials, or portions thereof, where the Party deems appropriate. Except as provided in Paragraph 24, below, nothing herein shall be construed to preclude either Party from challenging assertions of privilege or other protections from disclosure in Court pursuant to the Federal Rules of Civil Procedure or any other governing authority.

9. This Stipulated Order is not intended to compromise the rights of any Party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other governing authority, nor is it intended to alter any burden of proof regarding any assertion of privilege or other protection from disclosure in this matter.

1  10. Nothing in this Stipulated Order relieves any Party from complying with all applicable statutes, regulations, and executive orders, including without limitation, the Arms Control Act, Title 22 U.S.C. § 2751 et seq., and/or regulations promulgated thereunder, including the International Traffic in Arms Regulation ("ITAR") and the Export Administration Regulation ("EAR").

**III. USE OF DOCUMENTS AND OTHER MATERIALS DESIGNATED AS PROTECTED INFORMATION**

11. Materials that have been designated as containing Protected Information in accordance with the terms of this Stipulated Order, copies of such Materials, and notes that summarize or discuss such Materials shall be used solely for the purpose of conducting this case and not for any business or other purpose whatsoever by any person having access to such Materials, except as expressly provided herein.

12. Except as expressly provided herein, Materials designated as containing Protected Information shall be disclosed only to the Parties, current and former employees of the Parties, attorneys for the Parties and persons employed in such attorneys' offices, or other persons as reasonably necessary for the preparation or trial of this action, including third-party witnesses, independent experts and consultants retained for this litigation, vendors providing litigation support services, the Court and its administrative and clerical staff, mediators or other neutrals appointed by the Court or agreed to by the Parties, court reporters and court videographers designated to record depositions and other proceedings in this action, and interpreters or translators.

13. If a Party wishes to file or lodge with the Court any Material that it believes contains Protected Information, the Party shall if practicable redact the Protected Information before filing or lodging the Material. If the Party believes that it is not practicable to redact the Protected Information, or the redacted information is material to the resolution of the matter presented to the Court, the Party may apply to the Court pursuant to Local Rule 79-5 and Paragraph 6 of the Court's Standing Order for an order permitting the unredacted Material to be filed or lodged under seal. The provisions of Paragraph 14.e-f, below, shall apply to such applications.

14. If a Party (the "filing Party") (a) wishes to file or lodge any Material with the Court, (b) is aware that the Material has been designated as Protected Information by the other Party (the "designating Party"), and (c) does not agree that the Material in fact contains Protected Information, the filing Party shall follow the procedures described in Paragraph 14.a-g below.

   a. The filing Party shall give the designating Party notice by email of intent to file or lodge the Material, identifying it by Bates number or page and line citation as applicable, at least five (5) business days prior to filing or lodging the Material, if practicable. If five (5) business days' notice is not practicable, the filing Party shall give the designating Party notice of its intent to file or lodge the Material at the earliest time practicable, but in no event shall notice be given

1 later than 5:00 p.m. the last business day prior to
2 the date of filing or lodging.
3    b.   The Parties shall meet and confer in
4 person or by telephone or e-mail within three
5 business days after such notice is given to discuss
6 with each other whether or not the Material should be
7 filed/lodged under seal, and/or whether portions of
8 the Material should be redacted before the Material
9 is filed or lodged.  If the Parties agree that some
10 or all of the Material should be filed/lodged under
11 seal, the Parties shall jointly apply to the Court
12 pursuant to Local Rule 79-5 and Paragraph 6 of the
13 Court's Standing Order for an order permitting the
14 Material to be filed or lodged under seal.
15    c.   If the Parties are unable to reach
16 agreement regarding whether some or all of the
17 Material should be filed under seal, the Material
18 shall be provisionally filed or lodged under seal, in
19 an envelope with a cover page indicating that the
20 Material is being provisionally filed or lodged under
21 seal pursuant to this Stipulated Order.  The Clerk of
22 the Court is hereby directed to accept for filing
23 and/or lodging such sealed envelopes and the Material
24 they contain.  By filing Material under provisional
25 seal in compliance with this Stipulated Order, the
26 filing Party does not thereby take any position
27 regarding whether or not the Material ultimately
28

1   should be sealed, and may oppose the application to
2   seal as provided for herein.
3        d.   The designating Party shall have five (5)
4   business days after the filing or lodging of the
5   provisionally-sealed Material to file and serve an
6   application to seal the Material, with a memorandum
7   of law and any supporting declarations demonstrating
8   good cause to seal the Material.  Any opposition to
9   the application must be filed within five (5)
10  business days of the date the application is filed.
11  No reply papers will be permitted without prior leave
12  of Court.
13       e.   In the event the Court denies the
14  application to seal the Material, (1) the filing
15  Party shall have three (3) business days from the
16  date it receives notice of such denial to file/lodge
17  an unsealed version of the Material; (2) an unsealed
18  version of the Material shall be deemed to be timely
19  filed/lodged (*i.e.*, filed/lodged as of the date it
20  was provisionally filed/lodged under seal) in the
21  event it is filed/lodged within three (3) business
22  days from the date that Party receives notice that
23  the Court has denied the request to seal the
24  Material; (3) the filing Party shall include with the
25  Material a caption page titled "Unsealed Material
26  Filed Pursuant to Court Order," and (4) the Clerk of
27  the Court shall accept such Material for filing
28  and/or lodging.

   f. In the event the application to seal the Material is granted, the Material shall remain sealed in accordance with the Court's order.

15. Paragraphs 7, 12, 13, 14, and 16 of this Stipulated Order shall not apply to Materials marked or introduced into evidence at trial of this action, or to Materials used in connection with any appeal in this action.

16. Except as provided in Paragraphs 17 and 18, below, if any Party or other person authorized under this Stipulated Order to receive Protected Information receives a subpoena or other request for production or other disclosure of Material, and is aware that the Material has been designated by a Party as containing Protected Information, the Party or person receiving the subpoena or request shall give written notice to counsel for the Party or Parties that designated the Material as Protected Information, identifying the information requested and enclosing a copy of the subpoena or any written request. Such notice shall be given as soon as practicable after receipt of the subpoena or request. If any Party that designated the Material as Protected Information objects to disclosure, that Party shall communicate its objection in writing to the person who propounded the subpoena or request in accordance with Federal Rule of Civil Procedure 45(c)(2)(B), or other applicable federal and/or State laws, or upon such other schedule and in such manner as agreed to in writing by the objecting Party and the party that issued the subpoena or request. Except as provided in Paragraphs 17 and 18 below, if a motion is filed pursuant to Federal Rule of Civil Procedure 45, or other applicable federal and/or State laws, the Party or person who received the

subpoena or request shall not disclose the Material designated as containing Protected Information until the matter is decided by a court or other competent body (e.g., the U.S. Department of State, Directorate of Defense Trade Controls, in the case of "Technical data," as defined in 22 C.F.R. § 120.10).

17. Nothing contained in this Stipulated Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency, department, or other component of the United States, any Material designated as containing Protected Information that may reflect or pertain to any potential violation of law or regulation, or any matter within the jurisdiction of that agency, department, or component; nor shall anything contained in this Stipulated Order prevent or in any way limit or impair the right of any agency, department, or component of the United States to use any Protected Information in any proceeding relating to any potential violation of law or regulation, or to any matter within the jurisdiction of that agency, department, or component; provided, however, that the United States shall notify the agency, department, or component of the provisions of this Stipulated Order and that the Protected Information has been produced pursuant to this Stipulated Order so that the agency, department, or component can make reasonable efforts to maintain the confidentiality of the Protected Information consistent with the terms of this Stipulated Order.

18. Nothing contained in this Stipulated Order shall prevent or in any way limit or impair the right of the United States to provide any Material designated as containing Protected Information to Congress pursuant to a Congressional request; provided, however,

1  that the United States shall notify the Congressional entity
2  requesting the Material of the provisions of this Stipulated Order
3  and that the Material has been designated as containing Protected
4  Information pursuant to this Stipulated Order.  If there are no
5  objections interposed by the Congressional entity requesting the
6  Material, the United States shall use reasonable efforts to notify
7  Boeing of the Congressional entity's request and the United States'
8  response thereto.
9      19.  Nothing in this Stipulated Order shall be deemed to
10 preclude the Parties or third parties, on an appropriate showing,
11 from seeking and obtaining from the Court additional protection
12 with respect to the confidentiality of Materials, or from seeking
13 and obtaining from the Court leave to make disclosures of Materials
14 beyond the disclosures permitted by this Stipulated Order.
15     20.  By entering into this Stipulation neither Party thereby
16 agrees that Materials designated by the other Party as Protected
17 Information merit sealing or other special protection, or that the
18 other Party's use of the Protected Information designation on any
19 or all Materials is well founded.
20 **IV.  NON-WAIVER OF PRIVILEGE**
21     21.  While each of the Parties has undertaken reasonable
22 efforts to identify and withhold from production any Document (or
23 portion thereof) that it believes is privileged or otherwise
24 protected from disclosure, there is a possibility that certain
25 privileged or otherwise protected material may be produced in this
26 action inadvertently.
27     22.  Any inadvertent disclosure of Documents protected by the
28 attorney-client privilege, the work product doctrine, the

deliberative process privilege, the investigative files privilege, or any similar privilege or protection, shall not constitute a waiver of the privilege or protection by the Party that disclosed the Documents (the "disclosing Party"), nor result in a subject matter waiver of any kind, provided the following procedure is followed.  Within five (5) business days after the disclosing Party discovers that it has inadvertently produced a Document that is privileged or otherwise protected from disclosure, it shall notify the other Party (the "receiving Party") in writing.  Upon receipt of such notice, the receiving Party must (a) promptly return the specified Document and any paper or electronic copies thereof, or (b) promptly make reasonable efforts to destroy or delete the Document and all paper and electronic copies thereof, and promptly send written confirmation of the destruction and/or deletion to the disclosing Party.

23.  In the event that a receiving Party discovers that it has received from the disclosing Party a Document that appears to be privileged or otherwise protected from disclosure, the receiving Party shall promptly notify the disclosing Party of that fact in writing.

24.  Subject to the disclosing Party's submission of a timely written notice of inadvertent production in accordance with Paragraph 22, the receiving Party, by entering into this Stipulated Order, waives the right to challenge the disclosing Party's claim of privilege or other protection from disclosure on the ground that the disclosing Party waived the privilege or protection by inadvertent disclosure.  By entering into this Stipulated Order, however, the receiving Party does not thereby waive the right to

challenge the assertion of privilege or other protection from disclosure on any other ground.

**V.  CONCLUSION OF LITIGATION**

25. Within ninety (90) days after the conclusion of this litigation, each Party shall undertake reasonable and prudent efforts to return to the other Party, or destroy, all Material that the other Party designated as containing Protected Information, except that each Party may maintain one copy of any Material designated as containing Protected Information in its file for this case.

26. Upon final termination of this action, whether by final judgment after all appeals, settlement, dismissal, or other disposition, the provisions of this Stipulated Order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the Court shall retain jurisdiction for enforcement of this Stipulated Order.

**IT IS SO ORDERED.**

Dated: August 13, 2010        _____
                              MARGARET A. NAGLE
                              UNITED STATES MAGISTRATE JUDGE

14